# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FARVA JAFRI, | |
| Plaintiff, | No. 19 C 645 |
| v. | Judge Thomas M. Durkin |
| SIGNAL FUNDING LLC; 777 PARTNERS LLC; SIGNAL FINANCIAL HOLDINGS LLC; and JOSHUA CRAIG WANDER, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Farva Jafri alleges that her former employer discriminated against her and sexually harassed her in violation of the Illinois Human Rights Act, and paid her less than male employees in violation of the federal and Illinois Equal Pay Acts. Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 17. That motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

Jafri alleges that "she was employed as Chief Operating Officer of [defendant] Signal Funding, Chief Operating Officer of [defendant] Signal Financial, and as an Associate at Defendant 777 Partners." R. 1 ¶ 19. The fourth defendant, Joshua Wander, "is a Founder and Managing Partner of 777 Partners, the parent company of the other named corporate defendants." *Id.* ¶ 6. Both Signal entities operated out of an office in Highland Park, Illinois. *Id.* ¶¶ 2-3. The 777 Partners office is in Miami, Florida. *Id.* ¶ 4. Jafri initially worked out of the Highland Park office. *Id.* ¶ 20.

Jafri alleges that her salary was $105,000 with a bonus of $25,000. *Id.* ¶ 24. Signal's male CEO made $325,000 plus $175,000 in bonus. *Id.* ¶ 25. Jafri also alleges that five of her male subordinates received greater compensation than she did. *Id.* ¶¶

28-30. Based on these allegations about her pay relative to male colleagues, Jafri brings claims for violation of the federal and Illinois Equal Pay Acts.

In 2017, defendant Wander transferred Jafri to 777's office in Miami, R. 1 ¶ 33, where Jafri alleges male colleagues made a number of sexually demeaning comments to her, *see id.* ¶¶ 46-60. Based on these allegations of conduct in the Miami office, Jafri brings claims for violations of the Illinois Human Rights Act.

## Analysis

### I. Illinois Human Rights Act Claims

#### A. Administrative Exhaustion

Defendants argue that Jafri failed to administratively exhaust her IHRA claims, because she failed to "submit a copy of the EEOC's determination [to the Illinois Department of Human Rights ("IDHR")] within 30 days after service of the determination by the EEOC on complainant." 775 ILCS 5/7A-102(A-1)(1)(iv); *see also* 775 ILCS 5/7A-102(A-1)(2) (providing that the IDHR will only take substantive action on the EEOC determination if it "is timely notified of the EEOC's findings by complainant"); 775 ILCS 5/7A-102(A-1)(3) ("if the Department is timely notified of the EEOC's determination by complainant"). Defendants attach to their motion the IDHR investigation report showing that Jafri submitted the EEOC's determination to the IDHR 119 days after the EEOC issued its determination, *see* R. 17-2 at 5, more than the 30 days permitted by the statute.

Jafri argues that this document is outside the pleadings. Maybe so, although it is referenced in the IDHR's notice of dismissal, which Jafri attached to her

3

complaint. *See Harrison v. Deere & Co.*, 533 Fed. App'x 644, 647 n.3 (7th Cir. 2013) ("we have ruled that the district court may take into consideration documents incorporated by reference to the pleadings"). But in any case, whether Jafri complied with the Illinois statute is a question easily answered. If Jafri wants to challenge the authenticity or accuracy of the investigation report document Defendants attach to their motion, the Court will grant her that opportunity. Otherwise, the Court finds that Jafri failed to administratively exhaust her IHRA claims.

Jafri also argues that even if she was late in informing the IDHR of the EEOC's determination, this failure of administrative process does not require dismissal. *See* R. 21 at 4-5 (citing *Laurie v. BeDell*, 2017 WL 1076940, at *4 (S.D. Ill. Mar. 22, 2017); and *Goldberg v. Chi. Sch. for Piano Tech., NFP*, 2015 WL 468792, at *4 (N.D. Ill. Feb. 3, 2015)). But the two cases she cites do not support this argument. In *Laurie*, the court mentioned in passing that the plaintiff had transmitted her EEOC charge to the IDHR late. But *Laurie* focused on the impact of the plaintiff's decision to file a federal action before receiving a right to sue letter from the IDHR. The court did not address the impact of the plaintiff's late delivery of the EEOC determination to the IDHR. Neither did *Goldberg* address the 30-day deadline at issue here. The court in *Goldberg* held that the IDHR's determination that it lacked jurisdiction did not prevent review of that decision in federal court. There is no indication in the opinion that the timeliness of the complaint was at issue.

Lastly, Jafri argues that there is "literally" no case law supporting Defendants' interpretation of the statute. R. 21 at 3. This is likely because Title VII claims take

4

precedence for most plaintiffs. But in any event, the statute unambiguously states that a complainant must timely submit an EEOC determination to the IDHR. This requirement in contained in the same section of the statute requiring that administrative complaints be filed with the EEOC or the IDHR within 300 days of a violation's occurrence, and that a civil action must be filed within 90 days of the administrative determination. It is uncontroversial that failure to comply with the 300-day and 90-day deadlines requires dismissal. *See Mayle v. Chi. Park Dist.*, 2019 WL 2773681, at *5 (N.D. Ill. July 2, 2019) ("Failing to comply with the IHRA's exhaustion requirements results in dismissal of an IHRA claim." (citing *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004))). The Court sees no reason why the interim 30-day deadline for filing with the IDHR should be any different. Because Jafri failed to comply with the statute's plain terms, her IHRA claims were not properly administratively exhausted and must be dismissed.

### B. Named Parties

Additionally, Jafri named only defendant Signal Funding LLC in her EEOC and IDHR complaints. Thus, she failed to administratively exhaust claims against the other defendants—777 Partners LLC, Signal Financial Holdings LLC, and Joshua Wander. This serves as an alternative basis for dismissal of those three defendants.

Jafri argues that "a minor error in stating the name of the employer" is not a basis for dismissal. *See Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019). But the Seventh Circuit distinguishes "minor errors" from "a failure to

5

name a party at all." *Id*. Even then, a plaintiff can avoid dismissal by alleging that subsidiaries or parents of the respondent in the administrative complaints had notice of the claims. But Jafri does not contend that she alleged such notice and the Court sees no such allegation in her complaint.

C.  **"Employee" Under the IHRA**

To the extent Jafri is able to demonstrate that she exhausted her IHRA claims and she pled that all defendants received notice of her administrative claims, the Court addresses Defendants' argument that Jafri does not meet the definition of "employee" under the IHRA. Under the IHRA, an "employee" is "any individual performing services for remuneration within [Illinois] for an employer." 775 ILCS 5/2-101(A)(1)(a). Defendants argue that Jafri's harassment claims are based on alleged actions that occurred in Florida after she was relocated there by Defendants. *See* R. 17 at 9. The problem with this argument is that the IHRA does not limit its reach to conduct that occurs in Illinois. The section that defines "civil rights violations" for purposes of the statute does not include a geographic limitation. *See* 775 ILCS 5/2-102. Rather, the geographic limitation Defendants cite is within the definition of "employee." In other words, the statute reaches anyone who performs work in Illinois, for a qualifying employer, regardless of where the civil rights violation occurred.[1] Although she alleges that she "moved to Miami," *see* R. 1 ¶ 34, Jafri alleges that she "continued to serve in her roles with Signal and Signal Financial," *id.* ¶ 33, which are

---

[1] The work must also be performed for an "employer" meeting the statutory definition, but Defendants do not argue they are not "employers" for purposes of the IHRA.

6

located in Illinois. Based on this allegation, it is plausible to infer that Jafri continued to perform some work for Defendants in Illinois even after she relocated to Miami. Assuming that allegation is true, the fact that the alleged harassment occurred outside Illinois would not be a basis to dismiss her IHRA claims.

## II. Equal Pay Act Claims

"In order to establish a prima facie case under the Equal Pay Act, a plaintiff must show: (1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *David v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 230 (7th Cir. 2017). Defendants argue that Jafri has insufficiently alleged the "skill, effort and responsibility levels for the various positions at Signal Funding that she claims were comparable to her position." R. 17 at 10. But Jafri specifically alleges, by name, five male subordinates who were paid more than she was. *See* R. 1 ¶¶ 28-30. It is plausible to infer that subordinates do work that requires less skill, effort, or responsibility than their supervisors. By alleging that Defendants paid her male subordinates more than her, Jafri has stated a prima facie case for violation of the Equal Pay Act.

Additionally, Defendants argue that because Jafri did not name three of the four defendants in this case in her administrative complaint under the IHRA, she is precluded from naming them in this case as her employers for purposes of her Equal Pay Act claims. Defendants rely on the "well-settled rule that when a written instrument contradicts allegations in a complaint to which it is attached the exhibit

7

trumps the allegations." *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). But the "Equal Pay Act expressly contemplates that an employee may have multiple employers." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1088 (7th Cir. 2008). Defendants cite no authority that a prior allegation that one entity is an employer precludes a later allegation of additional employers. Absent such preclusion, Jafri's earlier administrative complaint cannot be said to "contradict" her current federal complaint.

Lastly, Defendants argue that Jafri has failed to allege "that Signal Financial or 777 Partners had any control over her pay." R. 17 at 11. "[C]ourts must look to the 'economic realities' of the employment relationship, as well as 'the degree of control the employer exercises,' to determine whether an entity may be considered an employer for the purposes of [Equal Pay Act] liability." *Tamayo*, 526 F.3d at 1088. Jafri alleges that "she was employed as Chief Operating Officer of Signal Financial, and as an Associate at Defendant 777 Partners." R. 1 ¶ 19. The allegation that she was employed by these entities is sufficient to plausibly allege that the entities had some control over her pay. This is particularly so when one individual—defendant Joshua Wander—owns all three entities and is alleged to have directed Jafri to move from Illinois to Florida in order to be able to more effectively work for all three entities. *See* R. 1 ¶¶ 6, 33. Only with discovery can it be determined which of the defendants had "control" over Jafri's compensation, and liability for an Equal Pay Act violation.

## Conclusion

Therefore, Defendants motion to dismiss [17] is granted in that Jafri's Illinois Human Rights Act claims (Counts III and IV) are dismissed without prejudice, and is denied in that Jafri's Equal Pay Act claims (Counts I and II) will proceed.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 1, 2019